**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone:  206-622-1711
Facsimile:   206-292-0460

**Jason P. Evans**, OSB #193573
Email: jevans@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR COMPANY**, an Oregon corporation, **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.**, an Oregon corporation, and **COLUMBIA BRANDS USA, LLC**, an Oregon limited liability company**,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,**<br><br>Defendant. | No. 3:25-cv-1299-AB<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, BREACH OF CONTRACT, AND BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Page 1 -     FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

Columbia Sportswear Company ("CSC"), Columbia Sportswear North America, Inc. ("CSNA") and Columbia Brands USA, LLC ("CBUSA," and collectively "Columbia Sportswear") file this Complaint against defendant The Trustees of Columbia University in the City of New York ("Columbia University" or the "University"), alleging as follows:

## NATURE OF THE ACTION

1.      This is a dispute between Columbia Sportswear, an apparel company with a global sales and marketing footprint that has been doing business under the trademark COLUMBIA since 1938, and Columbia University, an educational institution in Manhattan that is not and never has been an apparel business, concerning the University's use of the stand-alone mark COLUMBIA as a brand name on apparel sold nationwide.

2.      In a 2023 written agreement, Columbia University contractually agreed with Columbia Sportswear not to use COLUMBIA as a stand-alone mark on clothing in the United States.  It has since begun doing exactly that.

3.      Accordingly, this is an action for breach of contract, trademark infringement, federal unfair competition, and related state and common law claims.  Columbia Sportswear seeks injunctive and monetary relief.

## THE PARTIES

4.      Plaintiff CSC is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.

5.      Plaintiff CSNA is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. CSNA is the owner of certain intellectual property rights developed by CSC and its employees.

Page 2 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

6.     Plaintiff CBUSA is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. CBUSA is the licensee of certain intellectual property rights from CSNA.

7.     Defendant Columbia University is a private institution of higher education located in New York, New York.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1125 and 28 U.S.C. § 1331 because this action arises under the federal Lanham Act.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the claims arising under Oregon state law because those claims are substantially related to the claims over which this Court has original jurisdiction and are part of the same case and controversy.

9.     This Court has personal jurisdiction over Columbia University at least because this lawsuit arises out of Columbia University's contacts with the state of Oregon.

10.     First, Columbia Sportswear's claims arise out of a 20-year course of dealing between the parties, during which the University repeatedly reached out to Columbia Sportswear in Oregon to do business.  As early as 2006, Columbia University contacted Columbia Sportswear's legal department in Portland, Oregon to obtain the apparel company's consent for the University to sell "Columbia"-branded apparel and other items in Korea.  In the resulting agreement—printed on Columbia Sportswear letterhead bearing its Portland, Oregon address—Columbia Sportswear granted that consent and a covenant not to sue, subject to the University's compliance with the parties' agreed terms of use.  (*See* ECF 18-1 at 14-15.)

11.     In November 2014, the University contacted Columbia Sportswear in Oregon through counsel, who noted that "Columbia University has asked me to reach out to you again."

Page 3 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

This time, the University sought Columbia Sportswear's consent to use the "Columbia" mark on apparel in China, specifically because "wholesalers and other retailers in China are requiring documentary evidence of the University's right to use the marks… ."  The parties negotiated an agreement on this point over the course of three months.  The resulting February 2015 agreement was similar to the parties' 2006 agreement concerning Korea, but, *inter alia*, the University now undertook an affirmative, continuing obligation to Columbia Sportswear not to use the term "Columbia" on apparel in China except in compliance with the parties' agreement.  (*See* ECF 18-1 at 21-22.)  At the University's request, the agreement also contained a "notice and cure" provision, which obligated the University to "terminate[] any licensee that fails to cure [a] default within the 90-day [notice] period."  (*Id.*)

12.    The University reached out to Columbia Sportswear in Oregon again in December 2019, this time because the Brazilian trademark office—citing Columbia Sportswear's marks— had rejected the University's application to register a "Columbia" mark with its "shield" emblem.  The University, though counsel, sought a letter of consent from Columbia Sportswear to use the mark, which it opined was "consiste[nt] with the parties' informal co-existence agreement and prior consents the parties have granted each other over the years."  (Columbia Sportswear is not aware that it has ever solicited Columbia University's consent for anything.)  After securing the University's written assurance that it was not seeking to register or use any other COLUMBIA-formative mark in Brazil, Columbia Sportswear executed the requested letter of consent.

13.    In 2023, Columbia University again reached out to Columbia Sportswear in Oregon, now seeking Columbia Sportswear's consent to use and register COLUMBIA-formative marks in nearly 50 additional countries, including the United States.  Through counsel, the

Page 4 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

University again opined this was "[i]n line with the parties' long-standing informal co-existence agreement," noting its proposal was "nearly identical to the one the parties[] executed in 2015 for China… ."  Columbia Sportswear agreed to the University's proposal with minimal revisions. Like the 2015 agreement, the parties' 2023 agreement included Columbia Sportswear's covenant not to sue, subject to the University's compliance with the parties' agreed terms of use; as well as the University's continuing obligations "not [to] use or register… the term COLUMBIA" except in compliance with the parties' agreed terms, and to terminate any licensee who failed to abide by those terms.  (*See* ECF 18-1 at 9-11.)

14.    Columbia University has continued to reach out for Columbia Sportswear's forbearance and assistance in facilitating the University's marketing efforts.  For example, some months after execution of the parties' 2023 agreement, the University contacted Columbia Sportswear in Oregon again, this time to solicit another consent letter to traverse trademark rejections over Columbia Sportswear's marks in India.

15.    Throughout the parties' 20-year course of dealing, Columbia University knew it was reaching out to transact business with an Oregon corporation, soliciting covenants and undertaking obligations under Oregon law.  The parties' 2006, 2015, and 2023 letter agreements were all on letterhead displaying Columbia Sportswear's Portland, Oregon address—indeed, for at least the 2023 agreement, this was at the University's express request.  While the parties' agreements have contained no express choice-of-law provisions, at least because the agreements are directed to protecting Columbia Sportswear's (and not the University's) trademarks from unauthorized use and dilution, Oregon has the most significant relationship to the agreements. They also provide protections to Columbia University for claims arising, *inter alia*, under Oregon law.

Page 5 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

16.     The 2023 agreement, as with all prior agreements between the parties, has continuing obligations for both parties.  For example, the University has an ongoing obligation not to "use or register, or allow its suppliers, customers, or direct or indirect licensees or retailers to use or register, in the Territories the term COLUMBIA without the University Indicia," and to terminate licensees who fail to comply after an opportunity to cure.

17.     Separately from the University's decades of purposeful availment in Oregon, the University has also produced, is producing, and apparently intends to continue producing, certain merchandise confusingly bearing the COLUMBIA name as a stand-alone mark, and/or has engaged third-party licensees or manufacturers to do the same, as further alleged and described herein (collectively, the "Infringing Merchandise"), which the University sells on its online webstore that is accessible not only in the State of Oregon, but across the country and internationally as well.

18.     As part of the University's and/or its vendors' regular course of business, any order for Infringing Merchandise placed through the University's online webstore from Oregon is fulfilled, with "all products… packed and shipped from the B&N Campus Store (i.e., from the University's campus in New York)" (ECF 18 at 20) to the purchaser in Oregon.  For example, in or around October 2025, the "Columbia University Store" fulfilled orders for three articles of Infringing Merchandise by shipping the articles directly from an address on the University's campus in New York, New York to an address in Portland, Oregon.  The orders were confirmed by correspondence bearing the University's name and insignia:



Page 6 -     FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

19.    By its own admission, about 0.5% of Columbia University's student body—which includes students from all over the world—are from Oregon (ECF 18-1 at ¶ 9), which presumably has been roughly true of every graduating class for the past several decades.  Thus, the University is aware that hundreds if not thousands of its alumni reside in Oregon, and can be expected—along with their family members and other well-wishers—to procure University-themed merchandise from the University's online store.  Indeed, Columbia University has an Oregon-based alumni association that is sponsored by the University.  Apart from the parties' 20-year course of dealing, the University is subject to personal jurisdiction in this Court because it has placed and is placing the Infringing Merchandise into the stream of commerce, with the expectation that those articles will be sold to Oregon residents in the regular course of business.

20.    Columbia University has other contacts with Oregon that support the exercise of personal jurisdiction.  For example, the University also visits high school campuses across the state of Oregon in an effort to recruit Oregon students to attend the University, and has the aforementioned Oregon-based alumni association.

21.    To the extent this Court has personal jurisdiction over the University for Columbia Sportswear's breach of contract claims, this Court also has pendant jurisdiction for Columbia Sportswear's related trademark claims, and *vice versa*, because all of Columbia Sportswear's claims arise out of a common nucleus of operative facts.

22.    Venue is proper in this judicial district at least pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Columbia Sportswear's claims occurred here.  For example, this is the judicial district where Columbia Sportswear resides, and thus it is where the contract which is the subject of this action was negotiated and entered into.  It is also the judicial district where the University has knowingly marketed and sold infringing

Page 7 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

products as outlined above and herein.  It is also the judicial district where Columbia Sportswear's harm will be felt, and where all witnesses competent to testify about that harm (among other things) reside.

## FACTS AND BACKGROUND

### THE COLUMBIA NAME AND COLUMBIA SPORTSWEAR

23.     Columbia Sportswear was founded in Oregon in 1938, and today is a worldwide leader in the design and sale of outdoor apparel, footwear, and accessories.  Columbia Sportswear's products are sold through over 800 retail locations, including more than 150 Columbia Sportswear-branded retail stores, through its Columbia.com website, the websites of its hundreds of wholesale customers, as well as authorized third-party international online platforms.  Columbia Sportswear products are easy to recognize not only because of their quality, construction, and longevity, but also by their brand identity and pedigree, including under the single, universally recognizable word "COLUMBIA."

24.     Columbia Sportswear has spent over eighty years building its reputation in the U.S. and around the world.  Its trademarks symbolize Columbia Sportswear's sterling reputation for high-quality active, outdoor, sporting, and recreational wear and gear.

25.     Columbia Sportswear broadly uses a distinctive shade of its color blue as its corporate color.  For example:

Page 8 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





26.     The COLUMBIA name enjoys a unique distinctiveness in the field of apparel, among other goods, achieved by way of the more than eight decades that it has been selling apparel branded with the COLUMBIA name.  Columbia Sportswear has spent substantial sums developing its brand image, recognition, and reputation.  The word COLUMBIA refers to only one thing in the minds of consumers of apparel, footwear, and related accessories: a longstanding, well-known brand that offers high-quality recreational products, clothing, and gear to consumers at accessible prices.

27.     Many of Columbia Sportswear's shirts, sweatshirts and hats carry the COLUMBIA mark prominently, so as to associate the quality of the apparel and accessories with the reputation and goodwill of Columbia Sportswear:

Page 9 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





Page 10 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





Page 11 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





28.    Indeed, many of Columbia Sportswear's shirts, sweatshirts and hats use the

COLUMBIA mark without "Sportswear" or any other letters, words or logos, thus ensuring that

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

the COLUMBIA mark, by itself, is associated with Columbia Sportswear when used in connection with apparel.



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





29.    And as shown above, Columbia Sportswear frequently uses the COLUMBIA mark in large font, spread across the front of the garment, or on a sleeve, meant to be conspicuous.

Page 14 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

30.     To that end, Columbia Sportswear has registered COLUMBIA as a standard character word mark with the United States Patent and Trademark Office, U.S. Registration No. 2047397 (the "Registration").  The Registration covers, among other goods, "men's, women's and children's jackets, parkas, wind resistant jackets, pants, shorts, rain suits, ski bibs, jacket liners, gaiters, scarves, **hats**, gloves, mittens, shoes and boots, men's and women's turtlenecks, **sweatshirts**, sweatpants, ski suits, vests, **shirts**, belts and visors, and women's jumpers and skirts." (Emphasis added).

31.     The Registration is evidence of, and creates a legal presumption of, the validity of the Registration, Columbia Sportswear's ownership of the COLUMBIA mark, and Columbia Sportswear's exclusive right to use the mark for the goods identified in the Registration.  Indeed, the rights afforded to Columbia Sportswear by the Registration are now legally incontestable under 15 U.S.C. § 1065.

32.     Columbia Sportswear prominently features the mark COLUMBIA in its stores and in its advertising, and the COLUMBIA mark is either the sole or the dominant portion of its name in corporate advertising:



Page 15 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460



33.     Consumer sentiment favors Columbia Sportswear, which, under its name, sold over $3.3 billion of product in 2024 alone.  The COLUMBIA name is synonymous with high-quality outerwear, and Columbia Sportswear has worked hard to secure its position in the marketplace and, with each product sold, reaffirms why it is so deserving of the goodwill it enjoys.

## COLUMBIA UNIVERSITY'S USE OF THE COLUMBIA NAME

34.     It is no secret that, on the East Coast, there exists a private institution of higher education with the name Columbia University.  The University was founded in 1754 as "King's College," but was required to change its name to "Columbia College" in 1784 following the American Revolution.  (The word "Columbia" itself had been coined by a British writer nearly 50 years prior in 1738, and was used at the time as a nickname for colonial-era America.)

35.     Prior to this lawsuit, Columbia Sportswear and Columbia University had long peacefully coexisted.  Indeed, Columbia Sportswear has recognized that the University is "a world-renowned educational institution that traces its origins back to 1754," and the University has likewise recognized that Columbia Sportswear is "one of the world's largest outerwear companies that traces its origins back to 1938."

Page 16 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

36.     Columbia University has never held itself out as an apparel company, but the University has a bookstore that now sells Columbia University-themed apparel.  This creates the potential for source confusion as between Columbia Sportswear apparel and certain branded clothing sold by the University.

37.     In or around 2023, the University—like Columbia Sportswear before it—also wanted to register marks incorporating the word COLUMBIA for use on apparel and accessories in forty-eight nations around the world, including the United States.  The University wanted to secure these rights so that the University's consumers would be able to purchase affinity apparel associated with the University, and express their allegiance to the University.  The University does not make its own clothing, and instead contracts with third-party manufacturers like Nike and Champion to make apparel for the University to sell.

38.     But this created the risk of further confusion, because if the University has apparel made by third parties with the word "Columbia" on the clothing, multiple identifiers may appear on a single garment, falsely suggesting an association between Columbia Sportswear and the manufacturer.

39.     Accordingly, in June 2023, recognizing Columbia Sportswear's senior trademark rights for apparel in the United States and elsewhere, the University asked for Columbia Sportswear's consent to register "COLUMBIA"-formative trademarks for the University's licensed clothing.

40.     Columbia Sportswear was willing to cooperate with the University in registering and permitting use of certain COLUMBIA-formative marks on merchandise designed solely for the purpose of promoting the University and fostering a sense of unity among its alumni, fans, and supporters around the globe, provided any concerns about confusion could be mitigated.

Page 17 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

41.    To achieve this goal while simultaneously mitigating any risk of brand confusion or possibility of consumer mistake, Columbia Sportswear and the University agreed to certain terms (the "Terms") under which the University, and those authorized by it, could register and use the term COLUMBIA on apparel and merchandise without objection from Columbia Sportswear.

42.    The Terms appear in a June 13, 2023 contract in the form of a letter agreement, and are similar to provisions of the parties' 2015 agreement concerning use of COLUMBIA in China.  The Terms provide that:

> 1.    * * * Columbia Sportswear consents to the use and registration in the Territories, by or under the direct or indirect authority of the University, of the term COLUMBIA on and in connection with the Articles, on condition that any use and registration of COLUMBIA is only in conjunction with at least one other indicia of the University such as its SHIELD, its CROWN, its C design, or a representation of its LION MASCOT, such design elements substantially as shown on the Exhibit A attached hereto, or the word UNIVERSITY, the name of a school or academic department at Columbia (e.g., COLUMBIA LAW or COLUMBIA PHYSICS), its YEAR OF FOUNDING (1754) or some combination thereof (the "University Indicia"), with or without other words, or as the parties may otherwise expressly agree in writing.
>
> * * *
>
> 3.    * * * The University agrees that it shall not use or register, or allow its suppliers, customers, or direct or indirect licensees or retailers to use or register, in the Territories the term COLUMBIA without the University Indicia. If Columbia Sportswear becomes aware of any uses or applications for registration that are inconsistent with the terms of this letter, Columbia Sportswear agrees to notify the University.  The University will not be in breach if, within 90 days of receiving notice, it has the default cured and terminates any licensee that fails to cure such default within the 90-day period.

43.    Exhibit A to the agreement included the following four—and only the following four—"indicia":

Page 18 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460



44.     By agreeing that the University may use the mark COLUMBIA only in conjunction with some such specific indicia of the school, such as the above logos, the word UNIVERSITY, the name of a particular school, or the number 1754, Columbia Sportswear endeavored to ensure there would be no meaningful risk of customer confusion between the University's apparel and accessories and those sold by Columbia Sportswear.  Columbia would not have agreed to allow the University to use the COLUMBIA mark with items of apparel if the University had not promised to only use the COLUMBIA mark in conjunction with the University's identified indicia, a specific point of the negotiations that the University's attorney confirmed in correspondence with Columbia Sportswear.

45.     In exchange, Columbia Sportswear agreed, among other things, not to sue the University, or its "suppliers, customers or direct or indirect licensees or retailers" "based on any use by the University or under the direct or indirect authority of the university of the term COLUMBIA in conjunction with the University Indicia on or in connection with any and all Articles in the Territories, or any applications or registrations of the term COLUMBIA in conjunction with the University Indicia for any or all of the Articles in the Territories."

Page 19 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

46.     Notwithstanding this express agreement, in September 2024 Columbia Sportswear became aware of numerous apparel items for sale on the University's webstore (https://columbia.spirit.bncollege.com/) that used the name COLUMBIA without any other University Indicia, as that term was and is identified in the agreement among the parties.

47.     Non-exhaustive examples of the items constituting Infringing Merchandise are as follows:





Mens CHAMPION lbl Columbia University SP Arched Short School Name SS Replen Tee

In Stock - This item will ship within 3 business days.

Your Price: $24.98

Size                                          SIZE CHART

S   M   L   XL   XXL   3XL

Quantity

1            Add to Cart

Shipping                                          –

- This item will ship within 3 business days.

Details                                          +

Description                                          +

Page 20 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





**Mens LEAGUE navy Columbia University Victory Fall Long Sleeve Tee**
Out of Stock

Your Price: $44.98

Size                                    SIZE CHART

S    M    L    XL    XXL

Quantity

[    ∨ ]        Add to Cart

Almost Gone!





**Columbia University SSN Adjustable Hat Light Blue**
In Stock - This item will ship within 3 business days.

Your Price: $29.98

Quantity

[ 1  ∨ ]        Add to Cart

Shipping                                    −

• This item will ship within 3 business days.

Description                                 +

Page 21 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





48.    Moreover, many of these garments are, or incorporate, a bright blue color that is confusingly similar to the blue color that has long been associated with Columbia Sportswear.

49.    Some Infringing Merchandise even bear logos of other companies that compete with Columbia Sportswear in the apparel market—and, in fact, which are even headquartered in the same state:





Page 22 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460



50.     Though Columbia Sportswear and Nike are headquartered in the same State and are both highly reputable sporting apparel designers and have a generally friendly relationship, the two companies have never collaborated to jointly design, manufacture, market, or sell any product.  A consumer looking at the Infringing Merchandise would never know that, and, in fact, would reasonably be induced into believing the companies had such a collaboration.

51.     Certain of the University's infringing apparel is made by Champion, another sporting apparel manufacturer, including the shirt below, which has the Champion "C" logo on the sleeve and is marketed on the University bookstore's website with the word "CHAMPION" in all capital letters.

Page 23 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





Womens CHAMPION gry Columbia University
REVERSE WEAVE CROP CREW
In Stock - This item will ship within 3 business days.

Your Price: $69.98

Ships Free with code: SPIRITFS49

Size                                          SIZE CHART

[ S ]  [ M ]  [ L ]  [ XL ]

Quantity

[ 1  ▾ ]              Add to Cart

Shipping                                            −

• This item will ship within 3 business days.

Details                                             +

Description                                         +

52.     A consumer looking at the Infringing Merchandise would reasonably be induced into believing there is an association between Columbia Sportswear and Champion to manufacture and sell the Infringing Merchandise, when, in fact, there is not.

53.     Notably, the Infringing Merchandise bears no indication that it is associated with Columbia University, as opposed to Columbia Sportswear.  Examples of merchandise sold by the University that comply with the parties' agreed Terms are shown below:

Page 24 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





**Mens CHAMPION H-GRAY Columbia University Powerblend Crew**

In Stock - This item will ship within 3 business days.

**Your Price: $44.98**

Size — SIZE CHART

XS  S  M  L  XL  XXL

Quantity

1 — Add to Cart

Shipping —
- This item will ship within 3 business days.

Description +



Almost Gone!

Ready To Ship



**Men's Champion Light Blue Columbia University Basic Arch T-Shirt**

In Stock - This item will ship within 1 business day.

**Your Price: $24.99**

🏆 Most Popular in Men T-Shirts

Color: Light Blue

Size — SIZE CHART

S  M  L  XL  2XL

Quantity

1 — Add to Cart

Shipping —
- This item will ship within 1 business day.

Details +

Description +

Page 25 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460





Columbia University Twill Adjustable Hat White
In Stock - This item will ship within 3 business days.
Your Price: $29.98

Quantity
1    Add to Cart

Shipping    −
• This item will ship within 3 business days.

Details    +
Description    +

54.    Notably, the Infringing Merchandise (*see* Paragraphs 31-34, *supra*) does not include the hallmark characteristic markers—the University Indicia—borne by the products that comply with the parties' agreement depicted in Paragraph 38, *supra*.  For example:

| **Infringing Merchandise** | **Compliant Merchandise** |
| --- | --- |
|  |  |

55.    The University is appropriating and using the COLUMBIA mark in a manner inconsistent with the Terms agreed upon by the parties.

Page 26 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

56.    In an attempt to reach an amicable resolution to the issue, and in accordance with the parties' agreement, Columbia Sportswear contacted the University in September 2024 to discuss the Infringing Merchandise, which upon Columbia Sportswear's information and belief constituted a relatively limited portion of the apparel and headwear items distributed and sold by the University.  Columbia Sportswear requested that the University cure its breach of the Terms within a reasonable period of time and cease sales of its Infringing Merchandise.

57.    The University did not cure its breach of the Terms.

58.    The University did not cease selling the Infringing Merchandise.

59.    To the contrary, Columbia Sportswear has recently learned that the University is now selling Infringing Merchandise designed to skirt the Terms.  Specifically, the University's new line of Infringing Merchandise arguably technically includes its "crown" insignia, but for the first time ever, places that insignia far from the "COLUMBIA" mark, often in a place and manner rendering it nearly invisible, or in places where it will not be seen by the average viewer in conjunction with the word COLUMBIA.  Non-exhaustive examples of this new Infringing Merchandise are shown below:

Page 27 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460



"crown"-shaped stitching

60.     This more recent Infringing Merchandise does not comply with the Terms—which require use of indicia like the crown "in conjunction with" the word Columbia—nor do they avoid a likelihood of consumer confusion.  Indeed, the University's apparent efforts to *hide* appropriate source-identifiers in its apparel reflect (1) its knowledge that apparel without such

Page 28 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

indicia violate the Terms and infringe Columbia Sportswear's trademarks, and (2) its continued intent to nonetheless trade on the goodwill associated with Columbia Sportswear's name as it relates to apparel.

61.    The University continues to sell the Infringing Merchandise to this day.

62.    The University's breach and its encroachment on Columbia Sportswear's trademark rights is therefore willful.

63.    The University's conduct is currently causing and/or is reasonably likely to cause substantial confusion in the marketplace and, thus, injury to Columbia Sportswear.

64.    The University's use of the COLUMBIA mark, which is identical to Columbia Sportswear's registered trademark and brand name (in some instances in connection with the signature logo of a competing company with which Columbia Sportswear has never collaborated), on goods that are identical or related to, and competitive with, the merchandise on which the Columbia name appears, is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing the merchandise sold by the University is manufactured, authorized, licensed, sponsored, affiliated, connected, associated with, or in some way approved by Columbia Sportswear, or that Columbia Sportswear has at some point collaborated with Nike or other competitors to produce and label co-branded merchandise, none of which is true.

65.    The University's conduct is likely to lead to post-sale confusion in that the COLUMBIA mark has an ongoing and valuable role to play as a badge of origin even after the initial purchase of the goods or services in question.  Like Columbia Sportswear with its apparel, the University prominently displays the COLUMBIA mark on its Infringing Merchandise so as to be seen by a wider audience.  The University advertises its COLUMBIA-branded merchandise

Page 29 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

as a way of demonstrating school pride, and invites its students, parents of students, and alumni to wear COLUMBIA-branded apparel as a public display. The viewing public—the intended audience of that apparel when worn by students, parents of students, and alumni—is likely to be confused as to the source of the apparel and other Infringing Merchandise.

66.     The likelihood of deception, confusion, and mistake engendered by the University's misappropriation and misuse of the COLUMBIA name is causing irreparable harm to the brand and goodwill symbolized by Columbia Sportswear's registered mark COLUMBIA and the reputation for quality it embodies.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

67.     Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

68.     The University "agree[d] that it shall not use . . . in the Territories the term COLUMBIA without the University Indicia."

69.     One of the so-defined Territories is the United States.

70.     The University is and has been breaching the Terms by selling shirts, sweatshirts, hats, and other merchandise with the COLUMBIA mark but without any of the University Indicia—or which include such indicia only in a manner inconsistent with the Terms—at least in the United States.

71.     Columbia Sportswear has been damaged as a result of the University's breach.

Page 30 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

## SECOND CLAIM FOR RELIEF

### (Breach of Duty of Good Faith and Fair Dealing)

72.     Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

73.     Every contract, including the contract at issue here, includes an implied covenant that the parties' contractual duties will be performed in good faith.

74.     The University was required to perform its obligations under the Terms in a manner consistent with the duty of good faith and fair dealing.

75.     The University breached such obligations in the manners identified above.

76.     As a result of the University's breach, Columbia Sportswear has suffered—and continues to suffer—past and future damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

77.     Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

78.     Columbia Sportswear has federally-registered trademark rights in the COLUMBIA mark in conjunction with a wide variety of apparel items, including hats and shirts.

79.     Columbia Sportswear's name is distinctive and commercially strong.  Because of Columbia Sportswear's longstanding use of the COLUMBIA mark on its products, the consuming public of apparel and accessories has come to associate the COLUMBIA mark with Columbia Sportswear.

Page 31 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

80.     The University is infringing on the rights that Columbia Sportswear has built by selling, offering for sale, distributing, and advertising merchandise branded with the COLUMBIA mark.

81.     Columbia Sportswear has not authorized the University to use the COLUMBIA mark in the absence of any University Indicia on any of its merchandise, or in any other manner inconsistent with the Terms.

82.     The University's unauthorized use in commerce of the COLUMBIA mark in connection with apparel and accessories is likely to cause consumers to mistakenly believe that the University's merchandise is sold, authorized, licensed, endorsed, or sponsored by Columbia Sportswear, or in some way affiliated, connected, or associated with Columbia Sportswear. Because Columbia Sportswear has superior rights in the COLUMBIA mark for apparel, the University's conduct constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

83.     The University's conduct threatens to cause and is causing immediate and irreparable harm and injury to Columbia Sportswear, and will continue to both damage Columbia Sportswear and confuse the public unless enjoined by this Court.  Columbia Sportswear has no adequate remedy at law.

84.     Columbia Sportswear is entitled to, among other relief, injunctive relief and an award of actual damages, the University's profits, enhanced damages and profits, reasonable attorney fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre- and post-judgment interest.

Page 32 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

## FOURTH CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

85.    Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

86.    The University's unauthorized use in commerce of the COLUMBIA mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of its merchandise, and is likely to cause consumers to mistakenly believe that the University's merchandise is sold, authorized, licensed, endorsed, or sponsored by Columbia Sportswear, or that the University is in some way affiliated, connected, or associated with Columbia Sportswear.

87.    Certain items of the University's Infringing Merchandise are also likely to cause consumers to mistakenly believe that Columbia Sportswear has, at any point, collaborated, authorized, licensed, endorsed, or sponsored Nike apparel, or that Columbia Sportswear is in some way affiliated, connected, or associated with Nike.

88.    The University's unauthorized use in commerce of the COLUMBIA mark as alleged herein constitutes false designation of origin and a misleading description and representation of fact.

89.    Upon information and belief, the University's conduct as alleged herein is willful and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the University and Columbia Sportswear.

90.    The University's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

91.    The University's conduct threatens to cause and is causing immediate and irreparable harm and injury to Columbia Sportswear, and to Columbia Sportswear's good will

Page 33 -    FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

and reputation, and will continue to both damage Columbia Sportswear and confuse the public unless enjoined by this Court.

92.     Columbia Sportswear has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement Under Oregon Common Law)

93.     Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

94.     Columbia Sportswear owns common law trademark rights in its COLUMBIA mark that are superior to any right that the University may claim to have in that mark in relation to apparel such as shirts, sweatshirts, and hats.

95.     The University's unauthorized use in commerce of the COLUMBIA mark to advertise and offer merchandise for sale is reasonably likely to cause confusion and deception with Columbia Sportswear's brand, or will cause confusion, mistake, or deception as to the origin of the University's Infringing Merchandise.

96.     The University's conduct as alleged herein constitutes trademark infringement under Oregon common law.

## SIXTH CLAIM FOR RELIEF

### (Unfair Competition Under Oregon Common Law)

97.     Columbia Sportswear repeats and realleges the allegations above as if fully set forth herein.

98.     The University's conduct as alleged herein constitutes unfair competition under Oregon common law.

Page 34 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

## JURY DEMAND

99.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor on each and every claim for relief set forth above, and award them relief, including but not limited to the following:

1.    Defendant and all of its agents, officers, employees, representatives, successors, assigns, licensees, contractors, attorneys, and all other persons acting for, with, by, through, or under authority from the University, and each of them, be enjoined, both preliminarily and permanently, from:

a.   Using the COLUMBIA mark without at least one other specifically-identified University Indicia consistent with the Terms, or in any other manner likely to cause confusion, on or in connection with apparel and accessories;

b.   Selling, offering for sale, distributing, or advertising any apparel or accessories bearing the COLUMBIA mark without at least one other specifically-identified University Indicia consistent with the Terms, or in any other manner likely to cause confusion; and

c.   Using any trademark, name, logo, design, or other source designation of any kind, with any merchandise, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced, provided, or endorsed by Columbia Sportswear, or are sponsored or authorized by Columbia Sportswear.

Page 35 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

2.    Ordering the University to recall all products bearing the COLUMBIA mark without at least one other of the specifically-identified University indicia consistent with the Terms, or in any other manner likely to cause confusion, that are in the University's possession, or that have been shipped by the University or under its authority, to any customer, including but not limited to, any wholesaler, distributor, retailer, consignor, licensee, or marketer.

3.    Ordering the University to donate to charity on terms agreeable to Columbia Sportswear, or to otherwise destroy, all Infringing Merchandise in the possession, custody, or under the control of the University.

4.    Compelling the University to account to Columbia Sportswear for any and all profits derived by it from the sale or distribution of the Infringing Merchandise as described in this Complaint;

5.    Awarding Columbia Sportswear all damages caused by the acts forming the basis of this Complaint;

6.    Awarding Columbia Sportswear treble damages based on Defendant's knowing and intentional use of the COLUMBIA mark in a manner likely to cause consumer confusion, enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

7.    Finding that this case is exceptional and requiring Defendant to pay to Columbia Sportswear the costs and reasonable attorneys' fees incurred by Columbia Sportswear in this action pursuant to 15 U.S.C. § 1117(a) and any other applicable statute so allowing.

8.    Awarding Columbia Sportswear punitive damages, based on Defendant's willful and deliberate infringement of the COLUMBIA mark, in part to deter such conduct in the future.

9.    Awarding Columbia Sportswear pre- and post-judgment interest on all monetary awards; and

Page 36 -   FIRST AMENDED COMPLAINT

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460

10.     Any such other and further relief as the Court may deem fair and just.

Dated this 3rd day of November, 2025.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:     *s/ Nika Aldrich*
        Nika Aldrich, OSB #160306


By:     *s/ Jason P. Evans*
        Jason P. Evans, OSB #193573

        *Attorneys for Plaintiffs*

Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax:206-292-0460