**Nika Aldrich**, OSB #160306
Email: naldrich@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Facsimile: 206-292-0460

**Jason A. Wrubleski**, OSB #120524
Email: jwrubleski@schwabe.com
**Jason P. Evans**, OSB #193573
Email: jevans@schwabe.com
**Max Clayton**, OSB #262976
Email: mclayton@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1800
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: *503-796-2900*

*Of Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLUMBIA SPORTSWEAR COMPANY**, an Oregon corporation, **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.**, an Oregon corporation, and **COLUMBIA BRANDS USA, LLC**, an Oregon limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,**<br><br>Defendant. | No. 3:25-cv-01299-AB<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY** |

Plaintiffs Columbia Sportswear Company, Columbia Sportswear North America, Inc., and Columbia Brands USA, LLC (collectively, "Columbia") submit the following response to Defendant The Trustees of Columbia University in the City of New York's (the "University") Motion for Leave to File a Sur-Reply.

## INTRODUCTION

The University's Motion for Leave to File a Sur-Reply should be denied. The University identifies three grounds for its proposed sur-reply: that (1) Columbia's Reply supposedly introduced an "actual knowledge" requirement for unilateral mistake; (2) Columbia's Reply supposedly argued for the first time that the University, as drafter, is categorically barred from relief; and (3) Columbia purportedly misstates Oregon's antecedent-agreement rule. None of these grounds is based on any new argument raised for the first time on Reply. Each was raised and argued in Columbia's Motion, in the University's Response, or both. Columbia's Reply did nothing more than reinforce arguments made in its Motion, or to respond to arguments advanced by the University in its opposition brief. A sur-reply exists to address genuinely new arguments or evidence raised for the first time in a reply—not to give a party dissatisfied with its position at the close of briefing a second bite at the apple, to raise new arguments, or to introduce a volume of new authority, as the University does here. Because Columbia's Reply introduces no new arguments or evidence, the University's motion for leave to file a sur-reply should be denied in its entirety.

## LEGAL STANDARD

Federal courts "thoroughly disfavor requests to file sur-replies." *Viasat, Inc. v. Acacia Comms., Inc.*, 2018 WL 3198798, at *1 (S.D. Cal. June 26, 2018). "Neither the federal rules nor the local rules permit a sur-reply as a matter of course." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018); *see also* L.R. 7-1(e)(3) ("Unless directed by the Court, no further briefing is allowed."). Courts "only allow for sur-replies in the most extraordinary circumstances" and they "are generally discouraged as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Briggs*



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

*v. Montgomery*, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019) (citation modified).

A court will not grant a motion for leave to file a sur-reply unless the reply introduces new evidence or a "never-before-disclosed" legal theory or "argument[]." *CliniComp Int'l, Inc. v. Cerner Corp.*, 2022 WL 16985003, at *21 (S.D. Cal. Nov. 15, 2022); *see also Briggs*, 2019 WL 13039282, at *2. Indeed, "courts in the Ninth Circuit have held that arguments submitted in a reply are not 'new' when they directly rebut issues raised in the non-movant's brief in opposition to a motion." *Hanney v. Epic Aircraft, LLC*, 2024 WL 2106210, at *5 (D. Or. May 10, 2024) (collecting cases). Accordingly, a reply that merely responds to the opposition's arguments does not warrant a sur-reply. *Whitewater W. Indus., Ltd.*, 2018 WL 3198800, at *1 (denying leave to file sur-reply where reply simply "provide[s] a counter response to [the opposition's] allegations"); *see also Viasat, Inc.*, 2018 WL 3198798, at *1 (denying leave to file sur-reply where "reply simply responds to the arguments [the non-movant] raises in its opposition").

Nor does responding to new legal authorities cited in a reply warrant a sur-reply. *Holmes v. Bartlett*, 2004 WL 793190, at *1 (D. Or. Mar. 30, 2004), *report and recommendation adopted*, 2004 WL 1173138 (D. Or. May 21, 2004) (denying motion to file sur-reply that sought "to respond to the authorities cited by Defendants for the first time in their reply"); *Chaudry v. Cnty. of San Diego*, 2022 WL 17652794, at *3 (S.D. Cal. Dec. 13, 2022) ("[R]aising authority in a reply that were not raised in the motion is not barred as long as there are no new facts or different legal arguments."); *Piril v. Ferguson Enters., LLC*, 2021 WL 3630372, at *6 (C.D. Cal. Aug. 17, 2021) (denying leave to file sur-reply to respond to new cases cited in reply brief). Nor does the interest in "distinguish[ing] the cases cited in [a] reply brief" justify one. *Reyes v. Fed. Express Corp.*, 2023 WL 4183473, at *6 (N.D. Cal. June 23, 2023) (denying motion for sur-reply that improperly sought "to distinguish the cases cited in [movant's] reply brief"). Nor does the interest in clarifying an argument made in opposition justify one. *CliniComp Int'l, Inc.*, 2022 WL 16985003, at *20. In short, "a reply brief that makes a responsive argument to points raised in the response . . . does not justify a sur-reply." *Briggs*, 2019 WL 13039282, at *2. The "length



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

of a sur-reply does not determine whether it is justified, and the Court will not grant leave for a sur-reply on issues that have already been, or could have already been, addressed." *Id.* at *3.

**ARGUMENT**

**I. THE UNIVERSITY IDENTIFIES NO NEW ARGUMENT OR EVIDENCE WARRANTING A SUR-REPLY**

**A. The University's "Actual Knowledge" Argument is Not New**

The University's first proposed sur-reply argument is that "actual knowledge" of a unilateral mistake is not required to justify reformation. But that issue has been thoroughly argued in *every* brief filed on Columbia's Motion.

Specifically, in its Motion, Columbia explained that Oregon law permits reformation for a unilateral drafting mistake only where the non-drafting party committed "inequitable conduct," citing the Restatement (Second) of Contracts for the proposition that "if only one party is mistaken and the other ***actually knows this***, the mistaken party's right to reformation is governed by the rule of fraudulent misrepresentation in § 166." (ECF 44 at 24[1] (emphasis added).)

In its Response, the University *agreed* that knowledge of a mistake is the governing standard for unilateral mistake claims based on inequitable conduct under Oregon law. (ECF 49 at 27-29.) For example, the University quoted *Pioneer Resources* for its holding that inequitable conduct "encompasses . . . circumstances in which one party ***knows*** that the other party is materially mistaken as to a writing's scope and effect, but remains silent" (*id.*, p. 28); it further argued that "purposeful nondisclosure of a ***known mistake*** is itself the equivalent of a misrepresentation" (*id.*); and it quoted Williston on Contracts § 70:93 for the proposition that "[w]hen a unilateral mistake occurs due to a drafting error by one party and ***the other party knew of the error*** and took advantage of it, the trial court may reform the contract." (*Id.* (emphases added).) Having repeatedly argued that actual knowledge is required, the University went on to incorrectly contend that its pleading satisfied this strict standard because "reason to know" is

---

[1] Citations to page numbers in ECF-filed documents are to the pagination in the ECF header.



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

"functionally equivalent to having actual knowledge" (*Id.*, p. 28.) Columbia *properly* refuted this latter contention in its Reply. (ECF 51 at 9-11).

Such a reply argument that simply reinforces arguments made in the opening brief and/or responds to arguments raised in an opposition brief is not a new argument for sur-reply purposes. *Hanney*, 2024 WL 2106210, at *5 (collecting cases). The University thus identifies no new reply argument concerning the "knowledge" standard that warrants a sur-reply.

**B. Columbia's Argument that No Relief is Available for the University's Alleged Drafting Error was Not New in its Reply Brief**

The concept that no remedy is available for the University's alleged mistake under the admitted facts of this case was the overarching premise of Columbia's Motion and the University's Response. (ECF 44 at 24-25; ECF 49 at 25-33.) Columbia expressly argued in its Motion that reformation is unavailable to the University because there is no antecedent agreement and further that no relief is available for an alleged unilateral drafting mistake because the University failed to plausibly allege that Columbia engaged in any inequitable conduct. (ECF 44 at 24-27.) Columbia also argued that rescission is not available here because the University's alleged mistake was not a "formation" mistake. (*Id.* at 26-27.) In summary, Columbia argued that the University's claims for reformation and rescission fail under *any* legal theory. (*Id.* at 25 (Section titled, "Columbia University Cannot State A Claim For Reformation Or Rescission").)

The University responded at length, including in a section titled, "The University's Drafting Error Does Not Bar Relief." (ECF 49 at 31.) In its Reply, Columbia reinforced the arguments in its Motion and responded to the University's arguments. (ECF 51 at 7-19.)

In its proposed sur-reply, the University identifies no new arguments made by Columbia, instead mischaracterizing Columbia's Reply in an attempt to manufacture one. For instance, Columbia never argued that "The Party That Drafted The Writing Is . . . Barred From Relief," as the University misleadingly suggests. (ECF 52-1 at 5.) Columbia instead acknowledged the doctrine that allows relief for unilateral mistakes made by the drafter; but made clear that no



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

relief is available under the admitted facts present here. Specifically, the University approached Columbia with an unsolicited contract and asked Columbia to sign it, which Columbia then did. Further, the contract was sent under a cover email from the University's attorney, stating that the University wanted consent "in the jurisdictions referenced therein," which expressly included the United States. Columbia has consistently argued in both its Motion and Reply that these *admitted* facts provide no path for relief to the University. (ECF 51 at 12-15.)

Premised on a straw-man, the University's proposed sur-reply transparently attempts to back-door new cases and an entirely new section of the Restatement (section 157), to reiterate its existing arguments, to re-argue the facts and "[t]he equities," and to get an extension on the 35-pages of briefing it has already submitted. (ECF 52-1 at 5-7.) It also seeks to reverse its own framing of its original "knowledge" position to now assert a new "should have known" standard that was never discussed in its Response. (*See, e.g*, ECF 52-1 at 5.) It also inserts a discussion of Restatement (Second) of Contracts § 161 cmt. e—a section *the University introduced* and discussed in its Response. (ECF 49 at 27-28.) In its Reply, Columbia simply pointed out that Section 161 requires an actual knowledge standard that the University could not meet. (ECF 51 at 16.) The University's proposed sur-reply is an obvious attempt to get a second bite at the apple and introduce its new standard.[2] It has failed to cite any new evidence or a single new argument that warrants a sur-reply.

**C. A Continued Disagreement Over Oregon's Antecedent-Agreement Rule is Not a Basis for a Sur-Reply.**

Finally, the University argues that Columbia "misstates Oregon's antecedent-agreement rule" by requiring a prior agreement that specifically addressed the United States. (ECF 52-1 at 7.) But the University's failure to satisfy the antecedent-agreement rule was a substantial premise of Columbia's Motion (ECF 44 at 21-27); and the University's Response rebutted

[2] Although newly arguing that a "should have known" standard should apply, the University's own sur-reply *again* argues that "the Restatement [rule] applies . . . to a recipient who ***knowingly*** accepts the other sides' mistaken writing." (ECF 52-1, p. 6 (emphasis added).)



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

Columbia's analysis. (ECF 49 at 19-23.) Columbia addressed that rebuttal in its Reply. (ECF 51 at 7, 8, 11-13, 17-18.) The University now seeks to re-argue the same two cases—*Emrys v. Farmers Ins. Co. of Or.*, 429 P.3d 1028 (Or. Ct. App. 2018), and *Pioneer Resources, LLC v. D.R. Johnson Lumber Co*., 68 P.3d 233, 250 (Or. App. 2003)—that have already been exhaustively discussed across all three briefs. And it seeks to introduce an entirely new case on antecedent agreements that it never cited before. (ECF 52-1 at 7-8 (citing *Ray v. Ricketts*, 383 P.2d 52 (Or. 1963).) A sur-reply on this issue is entirely inappropriate both because it rehashes arguments already briefed and because it introduces new authority the University could have, but did not, raise in its opposition brief.

A party's disagreement with its opponent's characterization or application of the governing law is not a new argument or new evidence; it is merely the ordinary back-and-forth of motion practice. *See, e.g.*, *Reyes*, 2023 WL 4183473, at *6 (denying motion for sur-reply that improperly sought "to distinguish the cases cited in [a] reply brief"). Such disagreement does not warrant supplemental briefing, else every non-movant would be entitled to the last word. *Viasat, Inc.*, 2018 WL 3198798, at *1 (reasoning that sur-reply requests that amount to "an attempt to have the last word" are "thoroughly disfavor[ed]").

## II. CONCLUSION

The Court should deny the motion for leave to file a sur-reply. To the extent the Court allows the sur-reply, it should grant leave to Columbia to address the new arguments and case law raised for the first time by the University. For example, the University's proposed sur-reply argues that a "should have known" standard applies—a standard that it never raised in its Response. (ECF 52-1 at 3-5.) And the University suggests for the first time that a 60-year old Oregon Supreme Court case that it never mentioned before conflicts with the antecedent-agreement rule presented in Columbia's Motion.

Accordingly, the Court should put an end to the briefing and deny the motion for leave to file a sur-reply. However, to the extent the Court elects to allow the sur-reply, it should grant leave to Columbia to respond to the University's new arguments.



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460

Dated this 12th day of October, 2026.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Nika Aldrich*
Nika Aldrich, OSB #160306
Jason A. Wrubleski, OSB #120524
Jason P. Evans, OSB #193573
Max Clayton, OSB#262976

*Attorneys for Plaintiffs*



Schwabe, Williamson & Wyatt, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711
Fax: 206-292-0460